**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Daryl G. Peterson and ) | |
| Christine Peterson ) | |
| ) | |
| Plaintiffs, ) | **ORDER DENYING PLAINTIFFS'** |
| ) | **MOTION TO REMAND** |
| vs. ) | |
| ) | Case No. 4:10-cv-061 |
| Sagebrush Resources LLC, ) | |
| ) | |
| Defendant. ) | |

_____

Before the Court is the Plaintiffs' "Motion for Resistance to Removal and Request to Remand" filed on August 12, 2010. See Docket No. 4. The Defendant filed a response in opposition to the motion on August 26, 2010. See Docket No. 8. The Plaintiffs filed a reply brief on September 3, 2010. See Docket No. 12. For the reasons outlined below, the motion is **DENIED.**

**I.    BACKGROUND**

On July 23, 2010, the plaintiffs, Daryl G. Peterson and Christine Peterson, served and filed a summons and complaint in North Dakota state district court. See Docket No. 1-1. The Petersons allege they own real property in Bottineau County, North Dakota. On April 19, 1999, the Petersons entered into a "Salt Water Disposal Well Agreement" with Ballantyne Oil. See Docket No. 1-1, p. 5. In the agreement, Ballantyne Oil agrees to pay the Petersons $200 per month for the right to dispose water into a well on the Petersons' land from two oil wells, and an additional $100 per month for disposing water from any additional wells. In January 2008, the defendant, Sagebrush Resources LLC ("Sagebrush"), assumed Ballantyne Oil's liability under the agreement. In their

complaint, the Petersons allege Sagebrush underpaid rent due under the agreement in the amount of $84,200 and request damages in that amount and an order that Sagebrush vacate the premises.

On August 3, 2010, Sagebrush removed the action to federal district court. See Docket No. 1. Sagebrush asserted this Court has diversity jurisdiction under 28 U.S.C. § 1332. The Petersons are citizens of North Dakota, Sagebrush is a Delaware corporation with its principal place of business in Highlands Ranch, Colorado, and the Petersons requested damages in excess of $75,000. On August 4, 2010, the Petersons filed an amended complaint, captioned under the state district court heading, changing the amount of damages to "a minimum of $65,400." See Docket No. 3. The Petersons filed their motion to remand the case on August 12, 2010. See Docket No. 4. Sagebrush contends federal jurisdiction is proper because the Court is to look at the case at the time of removal to determine jurisdiction, and should not look at post-removal activities. The Petersons contend their amended complaint was filed before the notice of removal became effective, and that Sagebrush has not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.

## II.   LEGAL ANALYSIS

Following removal of a case to federal court, a plaintiff can seek remand of the action back to state court. 28 U.S.C. § 1447(c). The removing party bears the burden of showing that removal was proper. Nagel v. Wal-Mart Stores, Inc., 319 F. Supp. 2d 981, 982 (D.N.D. 2004) (citing In re Bus. Men's Assur. Co. of Am, 992 F.2d 181, 183 (8th Cir. 1993); Capehart-Craeger Enter., Inc. v. O'Hara and Kendall Aviation, Inc., 543 F. Supp. 259, 262 (W.D. Ark. 1982)). "Removal statutes are strictly construed in favor of state court jurisdiction." Id. (citing Bus. Men's, 992 F.2d at 183).

All doubts concerning removal must be resolved in favor of remand. Id. at 983 (citing Bus. Men's, 992 F.2d at 183).

Federal district courts have original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. §1332(a)(1). Whether a plaintiff satisfies the $75,000 amount in controversy requirement is a jurisdictional issue for the court to decide. Nagel, 319 F. Supp. 2d at 983 (citing Trimble v. Asarco, Inc., 232 F.3d 946, 959 (8th Cir. 2000)). If the value of the claim is less than $75,000, the complaint must be dismissed or the case remanded. Id. (citing Trimble, 232 F.3d at 959). If the amount in controversy is in dispute, the party opposing remand must prove the amount exceeds $75,000 by a preponderance of the evidence. Bergstrom v. Burlington N. R.R., 895 F. Supp. 257, 258 (D.N.D. 1995) (citing De Aguilar v. Boeing Co., 47 F.3d 1404, 1411-12 (5th Cir. 1995); Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993)). "The Supreme Court and the Eighth Circuit have both remarked . . . that jurisdiction should be determined by looking at the case as it was at the time it was filed in state court." GreatAmerica Leasing Corp. v. Rohr-Tippe Motors, Inc., 387 F. Supp. 2d 992, 996 (N.D. Iowa 2005) (citing Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 390 (1998); Core v. Sw. Bell Tel. Co., 847 F.2d 497, 498 (8th Cir. 1988) (per curiam); Colo. Life Co. v. Steele, 95 F.2d 535, 537 (8th Cir. 1938)).

The Petersons first contend their amended complaint became effective before the case was removed because of the method by which Sagebrush served the removal documents. The record before the Court does not indicate how the removal documents were served. Accordingly, the Court will consider the removal of this action to be effective on August 3, 2010, the date on which the notice of removal was filed with the Court. See Docket No. 1.

3

To determine whether jurisdiction is proper, the Court must look at the original complaint. GreatAmerica, 387 F. Supp. 2d at 996. In the complaint, the Petersons request $84,200 in damages and injunctive relief. See Docket No. 1-1, p. 4. The Petersons have subsequently amended their complaint to request "a minimum of $65,400" in damages, plus injunctive relief. See Docket No. 3. In Core, the Eighth Circuit Court of Appeals affirmed the district court's denial of a motion to remand when the plaintiffs amended their complaint to request damages less than the jurisdictional amount. Core, 847 F.2d at 498. As the Supreme Court stated in St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938), "And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."[1] According to the complaint at the time this action was removed, the amount in controversy exceeds $75,000. The Court finds that jurisdiction is proper under 28 U.S.C. § 1332(a)(1).

---

[1] Two cases from federal district courts in New York have called into question the applicability of St. Paul Mercury Indem. Co. v. Red Cab Co. since the 1988 amendment of 28 U.S.C. § 1447. See Bernardin v. Am. Airlines, Inc., No. 08-cv-1774, 2009 U.S. Dist. LEXIS 56017 (E.D.N.Y. July 1, 2009) at *5-6; Villano v. Kohl's Dep't Stores, Inc., 362 F. Supp. 2d 418, 420 (S.D.N.Y. 2005). The United States District Court for the District of Columbia has noted that this interpretation of St. Paul has not been widely accepted. See Griffin v. Coastal Int'l Sec., Inc., No. 06-2246, 2007 WL 1601717 (D.D.C. June 4, 2007) at *3 n.1 (citing Doddy v. Oxy USA, Inc., 101 F.3d 448, 456 n.4 (5th Cir. 1996); Baldridge v. Kentucky-Ohio Transp., 983 F.2d 1341, 1348 n.11 (6th Cir. 1993); Purple Passion, Inc. v. RCN Telecom Servs., Inc., 406 F. Supp. 2d 245 (S.D.N.Y. 2005)). Since the 1988 amendment to § 1447, the Eighth Circuit Court of Appeals has cited St. Paul favorably on other grounds than those cited here numerous times. See e.g., Usery v. Anadarko Petroleum Corp., 606 F.3d 1017, 1018 (8th Cir. 2010). Without further guidance from the Eighth Circuit, the Court considers St. Paul to be good law.

### III.     CONCLUSION

For the foregoing reasons, the Plaintiffs' "Motion for Resistance to Removal and Request to Remand" (Docket No. 4) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 10th day of September, 2010.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court
