## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## NORTHWESTERN DIVISION

| | |
|---|---|
| Daryl G. Peterson and Christine Peterson, ) | |
| ) | |
| Plaintiffs, ) | **REPORT AND RECOMMENDATION** |
| ) | **RE MOTION TO AMEND AND ORDER** |
| vs. ) | **FOR REMAND** |
| ) | |
| Sagebrush Resources, LLC, ) | |
| ) | Case No. 4:10-cv-061 |
| Defendant. ) | |

_____

Before the court is a Motion for Leave to File Second Amended Complaint filed by plaintiffs on December 15, 2010. This action was originally removed from state court based upon the existence of diversity of citizenship.

The proposed second amended complaint asserts a new claim of fraud against defendant Sagebrush Resources, LLC. It also seeks to add five new defendants and asserts against them claims for breach of contract and fraud that similar in nature to those asserted against Sagebrush.

One of the new defendants is alleged to be partnership and two others are alleged to be limited liability partnerships. For diversity purposes, these entities are considered to be citizens of each state of which any of its partners is a citizen. E.g., Carden v. Arkoma Associates, 494 U.S. 185, 192-195 (1990). The other two new defendants are alleged to be North Dakota corporations as well as general partners of one of the two limited liability partnership defendants. If these allegations are true, the addition of any one of the several of the new defendants will destroy the court's jurisdiction.

Sagebrush opposes the motion to amend, but only to the extent that it seeks to add a claim against it for fraud. Sagebrush argues that the proposed amended complaint fails to comply with the requirement that claims of fraud be pled with particularity and fails to state a claim of fraud as a matter of law.

1

When a party seeks leave to add a defendant that would destroy the court's diversity jurisdiction, denial is not automatic. Rather, the court has some discretion in the matter. See, e.g., City of Lincoln, Neb. v. Windstream Neb., Inc., No. 4:10CV03030, 2010 WL 2813763, *2 (D. Neb. July 15, 2010) (discussing the court's discretion); Brcka v. St. Paul Travelers Co., Inc., 366 F. Supp. 2d 850, 853 (S.D. Iowa 2005) (citing Mayes v. Rapaport, 198 F.3d 457, 462 n. 11 (4th Cir.1999)) (same).

Here, Sagebrush has not opposed the addition of the new parties on any grounds, including that their addition will destroy the court's jurisdiction. Consequently, leave to add the additional defendants should be granted. This, however, necessitates that the case be remanded to state court. 28 U.S.C. § 1447(c).

Based on the foregoing, it is **RECOMMENDED** that leave be granted to add the additional parties defendant, that the case be remanded to state court pursuant to the requirements of 28 U.S.C. § 1447(c), and that a decision on the remainder of plaintiffs' motion to amend be left up to the state court.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 12th day of January, 2011.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge