**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Daryl G. Peterson and | ) | |
| Christine Peterson, | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER ADOPTING REPORT** |
| | ) | **AND RECOMMENDATION** |
| vs. | ) | |
| | ) | Case No. 4:10-cv-061 |
| Sagebrush Resources LLC, | ) | |
| | ) | |
| Defendant. | ) | |

_____

On December 15, 2010, the Plaintiffs filed a "Motion for Leave to File Second Amended Complaint" to add additional defendants and a claim for fraud. <u>See</u> Docket No. 25. The Defendant filed a response in opposition to the Plaintiffs' motion on December 29, 2010. <u>See</u> Docket No. 28. The Plaintiffs filed a reply brief on January 10, 2011. <u>See</u> Docket No. 29. On January 12, 2011, Magistrate Judge Charles S. Miller, Jr. issued a Report and Recommendation, recommending that leave be granted to add the additional defendants and that the case be remanded to state court, leaving to the state court the decision of whether to grant leave to add the fraud claim. <u>See</u> Docket No. 33. The parties were given fourteen (14) days to object to the report and recommendation. The Defendant filed an objection on January 26, 2011. <u>See</u> Docket No. 35. The Plaintiffs filed a response on February 2, 2011. <u>See</u> Docket No. 36.

I.      <u>**BACKGROUND**</u>

On July 23, 2010, the plaintiffs, Daryl G. Peterson and Christine Peterson, served and filed a summons and complaint in North Dakota state district court. <u>See</u> Docket No. 1-1. The Petersons allege they own real property in Bottineau County, North Dakota. On April 19, 1999, the Petersons

entered into a "Salt Water Disposal Well Agreement" ("the agreement") with Ballantyne Oil.  See Docket No. 1-1, p. 5.  In the Agreement, Ballantyne Oil agreed to pay the Petersons $200 per month for the right to dispose water into a well on the Petersons' land from two oil wells, and an additional $100 per month for disposing water from any additional wells.  In January 2008, the defendant, Sagebrush Resources LLC ("Sagebrush"), assumed Ballantyne Oil's liability under the agreement. In their original complaint, the Petersons allege Sagebrush underpaid rent due under the agreement in the amount of $84,200 and requested damages in that amount and an order that Sagebrush vacate the premises.

On August 3, 2010, Sagebrush removed the action to federal district court.  See Docket No. 1.  Sagebrush asserts this Court has diversity jurisdiction under 28 U.S.C. § 1332.  The Petersons are citizens of North Dakota, Sagebrush is a Delaware corporation with its principal place of business in Highlands Ranch, Colorado, and the Petersons requested damages in excess of $75,000. On August 4, 2010, the Petersons filed an amended complaint, captioned under the state district court heading, changing the amount of damages to "a minimum of $65,400."  See Docket No. 3. The Petersons filed a motion to remand the case on August 12, 2010.  See Docket No. 4.  The Court denied the motion to remand on September 10, 2010.  See Docket No. 14.

On December 15, 2010, the Petersons filed a motion for leave to file a second amended complaint.  See Docket No. 25.  The Petersons seek to add a cause of action for fraud and to add Ballantyne Oil and its partners as defendants.  The Petersons describe the defendants in the proposed second amended complaint as follows:

2

II.

Sagebrush Resources is a Delaware limited liability company with its principal place of business in Highlands Ranch, Colorado.

III.

On information and belief, Defendant Ballantyne Oil is a North Dakota general partnership engaged in the business of oil and gas exploration and production in the State of North Dakota.

IV.

Dardon Energy, LLLP, is a North Dakota limited liability limited partnership and, on information and belief, engaged in the business of oil and gas exploration and production in the State of North Dakota and is a partner in Ballantyne Oil.

V.

DC Management, Inc., is a North Dakota corporation and, on information and belief, is the general partner of Dardon Energy, LLLP, and a third-party beneficiary fo the agreements from which this action arises.

VI.

Jade Energy, LLLP, is a North Dakota limited liability limited partnership and, on information and belief, engaged in the business of oil and gas exploration and production in the State of North Dakota and is a partner in Ballantyne Oil.

VII.

Gladstone Management, Inc., is a North Dakota corporation and, on information and belief, is the general partner of Jade Energy, LLLP, and a transaction participant and a third-party beneficiary of the agreements from which this action arises.

VIII.

On information and belief, Janet L. Ballantyne resides in the State of Colorado and is the sole trustee of the Janet L. Ballantyne Revocable Trust.  The Janet L. Ballantyne Revocable Trust is a partner in Ballantyne Oil.

3

See Docket No. 26-1.  Sagebrush filed a response on December 29, 2010, objecting to the addition

of the fraud claim.  See Docket No. 28.  Sagebrush did not express a position on the addition of

Ballantyne Oil and its partners as defendants.

On January 12, 2011, Magistrate Judge Miller issued a Report and Recommendation, noting

Sagebrush's opposition to the motion for leave to amend as to the fraud claim:

> Sagebrush opposes the motion to amend, but only to the extent that it seeks
> to add a claim against it for fraud.  Sagebrush argues that the proposed amended
> complaint fails to comply with the requirement that claims of fraud be pled with
> particularity and fails to state a claim of fraud as a matter of law.
>
> When a party seeks leave to add a defendant that would destroy the court's
> diversity jurisdiction, denial is not automatic.  Rather, the court has some discretion
> in the matter.  See, e.g., City of Lincoln, Neb. v. Windstream Neb., Inc., No.
> 4:10CV03030, 2010 WL 2813763, *2 (D. Neb. July 15, 2010) (discussing the court's
> discretion); Brcka v. St. Paul Travelers Col, Inc., 366 F. Supp. 2d 850, 853 (S.D.
> Iowa 2005) (citing Mayes v. Rapaport, 198 F.3d 457, 462 n.11 (4th Cir. 1999))
> (same).
>
> Here, Sagebrush has not opposed the addition of the new parties on any
> grounds, including that their addition will destroy the court's jurisdiction.
> Consequently, leave to add the additional defendants should be granted.  This,
> however, necessitates that the case be remanded to state court.
>
> Based on the foregoing, it is **RECOMMENDED** that leave be granted to add
> the additional parties defendant, that the case be remanded to state court pursuant to
> the requirements of 28 U.S.C. § 1447(c), and that a decision on the remainder of
> plaintiffs' motion to amend be left up to the state court.

See Docket No. 33.

Sagebrush filed an objection to the Report and Recommendation and contends that leave

should not be granted to add Ballantyne Oil and its partners as defendants because they are neither

necessary nor indispensable parties.  Sagebrush further contends that its interest in maintaining a

federal forum outweighs the competing interest of not having parallel lawsuits.

The Petersons filed a response to Sagebrush's objection and contend that Ballantyne Oil and its partners are indispensable parties. The Petersons assert that Sagebrush previously claimed that Ballantyne Oil may be liable for some of the Petersons' damages. On January 21, 2011, Sagebrush provided the following responses to the Petersons' interrogatories and requests for admissions:

> **INTERROGATORY NO. 1**: If you contend that some other legal entity is, in whole or in part liable for any of the Plaintiff's damages or should be named in the Complaint, please identify that person or legal entity.
>
> **ANSWER:** . . . Sagebrush responds that its predecessor in interest, Ballantyne Oil Co., may be liable for certain of Plaintiffs' alleged damages to the extent said damages arose or were incurred prior to the date Sagebrush acquired its interest in the subject salt water disposal well at issue.
>
> . . . .
>
> **INTERROGATORY NO. 7**: Describe the agreement by which you acquired an interest in the salt water disposal well at issue and provide specific details as to any agreement to acquire your interest.
>
> **ANSWER**: . . . Sagebrush responds that on or about November 1, 2007, Sagebrush entered into an agreement with, among others, Ballantyne Oil Co., by which it acquired certain assets, interests and agreements, including Ballantyne's interest in the salt water disposal well at issue in this matter.
>
> . . . .
>
> **REQUEST NO. 2**: Please admit that you assumed the obligations of Ballantyne Oil under the Agreement in January of 2008.
>
> **RESPONSE**: . . . Sagebrush admits only that it acquired certain assets and interests from Ballantyne Oil Co. by agreement effective November 1, 2007, including Ballantyne's interest in the salt water disposal well at issue in this action.

See Docket No. 36-1. The Petersons assert that the same evidence and witnesses would be presented against Sagebrush, Ballantyne Oil, and Ballantyne Oil's partners.

## II.   LEGAL ANALYSIS

When a plaintiff requests leave to amend a complaint before trial, "[t]he court should freely give leave when justice so requires."  Bailey v. Bayer CropScience, 563 F.3d 302, 307 (8th Cir. 2009) (quoting Fed. R. Civ. P. 15(a)(2)) (alteration in original).  "[P]ermission to amend may be withheld if the plaintiff . . . is guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party."  Id. (quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 224 (8th Cir. 1994)) (alteration and omission in original).

If an action has been removed to federal court and the plaintiff requests leave to amend the complaint to add a defendant that defeats diversity, the Court may deny joinder of the new defendant, or permit joinder and remand the case to state court.  Id. at 307-08 (citing 28 U.S.C. § 1447(e)).  The Eighth Circuit Court of Appeals, quoting the Fifth Circuit, has explained that a motion for leave to add nondiverse parties should be viewed with particular scrutiny:

> The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "should be freely given when justice so requires," and Rule 20 permits joinder of proper parties.  In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits.

Id. at 309 (quoting Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)).  The following factors are to be considered when balancing the parties' interests, "1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether [the] plaintiff will be significantly injured if amendment is not allowed."  Id. (quoting Le Duc v. Bujake, 777 F. Supp. 10, 12 (E.D. Mo. 1991)) (alteration in original).

6

Sagebrush contends that the Petersons are requesting to add the additional defendants for the purpose of defeating federal jurisdiction.  Sagebrush points to the Petersons' previous motion to remand as evidence that "[t]he instant motion is clearly another attempt on the part of the Plaintiffs to destroy diversity jurisdiction."  See Docket No. 35.  The evidence before the Court reveals that the Petersons have legitimate reasons for adding Ballantyne Oil and its partners as defendants. Sagebrush asserted in its answers to the Petersons' interrogatories that Ballantyne Oil "may be liable for certain of Plaintiffs' alleged damages to the extent said damages arose or were incurred prior to the date Sagebrush acquired its interest in the subject salt water disposal well at issue."  See Docket No. 36-1. While the Petersons previously attempted to defeat federal jurisdiction, the Court finds that their request to add Ballantyne Oil and its partners as defendants is motivated in part by legitimate non-jurisdictional purposes.  The Court finds that this factor weighs in favor of granting leave to add the proposed defendants.

Sagebrush contends that the Petersons were dilatory in requesting leave to add Ballantyne Oil and its partners as defendants.  Sagebrush asserts that the Petersons were aware when they filed the original complaint that Ballantyne Oil assigned its interest in the agreement to Sagebrush. Sagebrush asserts that the Petersons have at all times been aware of the terms of the agreement. Sagebrush contends that the Petersons could have named Ballantyne and its partners as defendants in the original complaint.  The Petersons argue that they did not request leave to amend earlier because this case was scheduled for a settlement conference, but the settlement conference was cancelled because Sagebrush refused to participate.  See Docket No. 23 (cancelling settlement conference scheduled for December 8, 2010).  The Court finds that this case is still in the early stages of litigation and the Petersons have not been dilatory in requesting leave to amend the

complaint.  The Court finds this factor weighs in favor of granting leave to add the proposed defendants.

Sagebrush also contends that the Petersons would not be significantly injured if the amendment is not allowed.  Sagebrush contends that the Petersons can pursue their claims against Ballantyne Oil and its partners in state court in a separate action.  The Petersons argue that similar evidence would be presented against Sagebrush and the proposed defendants.  The Court finds that although the Petersons may be able to gain a full recovery for their injuries through separate trials against Sagebrush and Ballantyne Oil and its partners, the Petersons would be injured by the costs of multiple litigation and the possibility of inconsistent outcomes in state and federal court.  The Court finds this factor weighs in favor of granting leave to add the proposed defendants.

Having carefully considered all of the factors outlined in <u>Bailey</u>, the Court finds that the interests of not having parallel lawsuits outweighs Sagebrush's interest in maintaining a federal forum.  The Petersons' motion for leave to file a second amended judgment to add Ballantyne Oil and its partners as defendants is granted.  The case shall be remanded to state court pursuant to 28 U.S.C. § 1447(c), which states in part, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  The Petersons request to add a fraud claim is deferred and is left to the judgment of the state court.

III.    <u>CONCLUSION</u>

The Court has carefully reviewed the Report and Recommendation, Sagebrush's objection, the Petersons' response, and relevant case law, and finds the Report and Recommendation to be persuasive.  Accordingly, the Court **ADOPTS** the Report and Recommendation (Docket No. 33),

**GRANTS IN PART** the Petersons' "Motion for Leave to File Second Amended Complaint" (Docket No. 25), and **ORDERS** that leave be granted to the Petersons to file a second amended complaint adding Ballantyne Oil; Dardon Energy, LLLP; DC Management, Inc.; Jade Energy, LLLP; Gladstone Management, Inc.; and Janet Ballantyne as defendants.  The Court **REMANDS** the case to the state court pursuant to the requirements of 28 U.S.C. § 1447(c).  The Petersons' request to add a fraud claim is left to the state court to address.

       **IT IS SO ORDERED.**

       Dated this 17th day of March, 2011.

                          */s/ Daniel L. Hovland*
                          Daniel L. Hovland, District Judge
                          United States District Court